IN THE CIRCUIT COURT FOR
PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| OAKCREST VILLAGE ASSOCIATES, LLC<br>1000 University Avenue<br>Suite 500<br>Rochester, NY 14607<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MOSELEY ARCHITECTS P.C.<br>Successor in interest to MARKS, THOMAS<br>ARCHITECTS, INC.<br>3200 NORFOLK ST.<br>RICHMOND VA 23230<br><br>Serve on:<br>CSC-LAWYERS INCORPORATING SERVICE<br>COMPANY<br>7 ST. PAUL STREET<br>SUITE 820<br>BALTIMORE MD 21202<br>　　　　　　　　　　Defendant. | Case No. CAL21-04971 |



FOR PRINCE GEORGE'S COUNTY, MD
CLERK OF THE CIRCUIT COURT

MAY - 3 2021

FILED

## COMPLAINT

Plaintiff Oakcrest Village Associates, LLC ("Oakcrest"), by and through its attorneys Whiteford, Taylor & Preston, LLP, as its Complaint against Defendant Moseley Architects P.C. as successor in interest to Marks, Thomas Architects, Inc. ("Marks Thomas") alleges as follows upon information and belief:

### NATURE OF CLAIM

1.　　Pursuant to an American Institute of Architects Document B108-2009 Standard Form of Agreement Between Owner and Architect, dated August 8, 2014 (together with its supplement and exhibits, the "Agreement"), Marks Thomas provided architectural services in connection with the development of a senior apartment community, Conifer Village at Oakcrest,

located at the 2011 Brooks Drive, District Heights, MD 20747 (the "<u>Property</u>").  A copy of the Agreement is attached hereto and incorporated herein by reference as Exhibit A.

## PARTIES AND JURISDICTION

2. Oakcrest is a New York limited liability company with its principal place of business at 1000 University Avenue, Suite 500, Rochester, NY 14607.

3. Moseley Architects P.C. is a Virginia corporation with its principal place of business at 3200 Norfolk Street, Richmond, VA 23230.  Moseley Architects P.C. is the successor in interest to Marks Thomas.

4. Jurisdiction and venue are appropriate in this Court given that the Property to which Marks Thomas provided architectural services and where the damages have occurred is located in Prince George's County.

## STATEMENT OF FACTS

5. As detailed in the Agreement, Marks Thomas was the architect contracted by Oakcrest to perform a number of professional services at the Property.

6. Pursuant to section 2.2 of the Agreement, Marks Thomas agreed to "perform its services consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances."

7. Pursuant to section 3.2.1 of the Agreement (contained in the Supplement attached to, and incorporated by reference in, the Agreement), Marks Thomas agreed to:

> comply with the applicable codes of the state and municipality in which the services are to be performed, and where the Project is located, and shall make sure that the services meet federal and state laws regarding accessibility for individuals with disabilities, energy efficiency laws, and, where applicable, historic preservation laws.  All Architect's services shall be performed in accordance with, and its plans and specifications, drawings and Instruments of Service shall be prepared to conform with laws, codes, and regulations governing the Project.

8. Pursuant to section 4.3 of the Agreement (contained in the Supplement attached to, and incorporated by reference in, the Agreement), Marks Thomas agreed:

> that to the extent Additional Services are required to be performed by the Architect or its consultants because of errors or omissions of the Architect or its consultants, such services shall be done by the Architect and/or its consultants without any additional expense, fees, or reimbursables to be paid by the Owner.

9. As part of the Services, Marks Thomas provided design documents and design details for the floor joist between the first and second floors of the building. Upon information and belief, those design documents and design details contain errors and omissions in that they do not adequately transfer structural loads to the building foundation. The second-floor open-web wood floor trusses above the Community Space and Entry Lobby and eight residential units above these spaces have suffered significant damage to the metal gusset plates that attached the members of the floor trusses and floor truss related damage at the second and third floor in the units above these areas, such as sloping floors, wall and ceiling cracks, inoperable doors, etc. As a result, the floor trusses are failing in the area of the front door of the building. Invasive and comprehensive investigation and repair is underway.

10. As a result of Marks Thomas and its consultants' errors and omissions, Oakcrest has experienced building settlement at the main entrance and surrounding areas of the building caused by floor truss failures. The problem at the entrance is significant and will require a significant repair because it prevents one of the two main doors from operating and also prevents occupancy of at least one unit above the area. It has also created a sagging area above the main doors. Oakcrest has lost revenue as a result of not being able to rent the unit above the doors.

11. Oakcrest sent Marks Thomas notice of this defect on April 6, 2018 (the "Notice"). A true and correct copy of the Notice is attached hereto as Exhibit B. At this time, the cost of the repairs is unknown.

## COUNT I
## Breach of Contract

12. Oakcrest repeats and realleges paragraphs 1 through 11.

13. Oakcrest and Marks Thomas are parties to a valid and binding Agreement.

14. Oakcrest has performed all of the obligations required of it under the Agreement.

15. Marks Thomas breached section 4.3 of the Agreement by failing to cover the costs and expenses associated with additional construction services performed as a result of Marks Thomas and its consultants' errors and omissions, including but not limited to failing to provide architectural plans and specifications that are consistent and comply with local building codes and regulations and professional design standards.

16. As a direct and proximate result of Marks Thomas's breach of the Agreement, Oakcrest has been damaged in an amount to be determined for remedial design and repair costs, lost revenue, reasonable attorney's fees, and expenses.

## COUNT II
## Indemnification

17. Oakcrest repeats and realleges paragraphs 1 through 16.

18. Section 8.1.3 of the Agreement (contained in the Supplement attached to, and incorporated by reference in, the Agreement) states that "[t]he Architect shall indemnify and hold harmless the Owner for all damages, losses, or claims that arise as a result, in whole or in part, of the breach of this Agreement . . . , of the negligence, or intentional or unintentional acts, errors, omissions, or failure to perform by the Architect, its employees, agents, or consultants."

19. As set forth above, Marks Thomas's breach of the Agreement and its errors and omissions caused Oakcrest to incur substantial remedial design and repair costs, lost revenue, reasonable attorney's fees, and expenses.

20. Pursuant to Section 8.1.3 of the Agreement, Marks Thomas is responsible to compensate Oakcrest for such losses in an amount to be determined that includes, but is not limited to, remedial design and repair costs, lost revenue, reasonable attorney's fees, and expenses.

## COUNT III
### Professional Malpractice

21. Oakcrest repeats and realleges paragraphs 1 through 20.

22. Marks Thomas owed Oakcrest a duty to perform its professional services in accordance with accepted industry practices and standards.

23. Marks Thomas breached that duty when it failed to provide architectural plans and specifications that are consistent and comply with local building codes and regulations and professional design standards.

24. As a direct and proximate result of Marks Thomas's breach of duty, Oakcrest has been damaged in an amount to be determined that includes, but is not limited to, remedial design and repair costs, lost revenue, reasonable attorney's fees, and expenses.

**WHEREFORE**, Oakcrest respectfully requests that this Court enter judgment in its favor and against Marks Thomas and that this Court:

    a. Award Oakcrest its costs and expenses of remedial design and repair costs and lost revenue;

    b. Award Oakcrest its reasonable attorney's fees and expenses; and

    c. Award Oakcrest such other and further relief as this Court deems just and proper.

*/s/ Robert F. Carney*

Robert F. Carney  (9012180091)
Whiteford, Taylor & Preston L.L.P.
8830 Stanford Blvd., Suite 400
Columbia, MD  21045
410.347.8726
rcarney@wtplaw.com

*/s/ Patrick McKevitt* (for)

Patrick McKevitt
Whiteford, Taylor & Preston L.L.P.
7 Saint Paul Street
Baltimore, MD  21202
410.347.9447
pmckevitt@wtplaw.com